IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YAHYI ABDUL SHIHEED, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-16-3166 |
| WAYNE WEBB, et al., | * | |
| Defendants. | * | |

*****

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Warden Wayne Webb and Assistant Warden Rosette Swan's Motion to Dismiss or, in the Alternative, for Summary Judgment.[1] (ECF No. 21). Plaintiff Yahyi Abdul Shiheed opposes the motion. (ECF No. 23, 24). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons that follow, the Court will grant Defendants' Motion.

---

[1] Also before the Court are Shiheed's unopposed Motion to Add Defendants (ECF No. 25) and unopposed Motion to Amend/Correct Complaint (ECF No. 26). In support of their Motion, Webb and Swan provide verified business records, including use of force reports and investigative reports, which identify the officers involved in the incident alleged in Shiheed's Complaint. (Mem. Supp. Defs.' Mot. Dismiss ["Defs.' Mem."] Ex. 2 at 7, ECF No. 21-3). Having only discovered the identities of the officers involved in the altercation through the exhibits to Webb and Swan's Motion, Shiheed seeks to amend his Complaint and add the defendants identified in the reports. Accordingly, the Court will grant Shiheed's Motions. The Clerk will be directed to amend the docket to reflect that Ronald Shoemaker, James Flannery, Bryan Cromwell, James Fiorita, and James Garofalo, are named as additional Defendants.

## I. BACKGROUND

On September 15, 2016, Shiheed, an inmate currently housed at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed suit against Defendants Jessup Correctional Institution ("JCI") Warden Wayne Webb and JCI Assistant Warden Rosette Swan, alleging violations of his civil rights under 42 U.S.C. § 1983 (2012). (Compl., ECF No. 1). Shiheed alleges that on August 18, 2016, while housed at JCI, unknown correctional officers, members of the NBCI "SRT team," assaulted him. (Id. at 4). Shiheed states that he is "suing the Warden and Assistant Warden because they're in charge of this prison and what happens here at JCI with inmates and they know who entered the prison on 8/8/16 and they refuse to give me the officers names in this brutal assault." (Id. at 5).

On May 17, 2017, Webb and Swan filed their Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 21). Shiheed filed responses to Webb and Swan's Motion on June 1, 2017, and June 6, 2017, respectively. (ECF Nos. 23, 24). On June 7, 2017, Shiheed filed a Motion to Add Exhibit (ECF No. 27), which the Court construes as a supplemental opposition to Webb and Swan's Motion and will grant. To date, the Court has not received a Reply from Webb and Swan.

## II. DISCUSSION

**A. <u>Standard of Review</u>**

Webb and Swann style their Motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. A motion styled in this manner implicates the Court's discretion under Rule 12(d). See

Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)). Here, because the Court declines to consider materials beyond the pleadings, the Court will treat Webb and Swan's Motion as a motion to dismiss.

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to "forecast" evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

**B. Analysis**

Webb and Swan advance three arguments in support of their Motion: (1) Shiheed failed to exhaust his administrative remedies; (2) Shiheed fails to allege that Webb and Swan personally participated in the events described the Complaint; and (3) Webb and Swan cannot be held liable under a theory of supervisory liability. The Court agrees with the second and third arguments and addresses them in turn.

**1. Personal Participation**

Webb and Swan contend that because Shiheed does not allege that either of them was personally involved in the alleged assault, Shiheed's suit cannot proceed against them in their individual capacities. An official cannot be held liable under § 1983 unless he or she directly and personally participated in conduct that deprived the plaintiff of his or her constitutional rights. See Rizzo v. Goode, 423 U.S. 362, 377 (1976); see also Wilkins v. Whitaker, 714 F.2d 4, 6 (4th Cir. 1983). Thus, to the extent that Shiheed seeks

to bring claims against Webb and Swan in their individual capacities, the Court will dismiss these claims.

2. **Supervisory Liability**

It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004). Rather, supervisory liability under § 1983 "is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) (quoting Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under § 1983 must be supported with evidence that:

> (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Shiheed's conclusory claim that Webb and Swan were "in charge of the prison and what happens . . . with inmates" is insufficient to state a claim of supervisory liability. (Compl. at 5). Accordingly, the Court will dismiss Shiheed's § 1983 supervisory liability claims against Webb and Swan.

5

## III. CONCLUSION

For the foregoing reasons, Webb and Swann's Motion to Dismiss or, in the Alternative, for Summary Judgment, is GRANTED. A separate Order follows.

January 17, 2018  
Date

/s/  
_____  
George L. Russell, III  
United States District Judge